UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

EMEKA ORAEGBU, Individually and on Behalf of All Others Similarly Situated,

                              Plaintiff,

              -against-

AXION LLC, AXION HEALTHCARE SOLUTIONS LLC, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, and KINGS COUNTY HOSPITAL, Jointly and Severally,

                              Defendants.

**STIPULATION OF SETTLEMENT**

18-CV-10688 (GBD)

------------------------------------------------------------------------- x

        **WHEREAS,** plaintiff Emeka Oraegbu ("Plaintiff") commenced this action on behalf of himself and all other employees similarly situated by filing a complaint in the United States District Court in the Southern District of New York ("SDNY") on or about November 16, 2018, alleging that defendants Axion LLC and Axion Healthcare Solutions LLC ("Axion") and New York City Health and Hospitals Corporation and Kings County Hospital ("H+H") (collectively "defendants"), violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") and the supporting New York State Department of Labor Regulations, and the New York common law of contracts; and

        **WHEREAS**, defendants deny any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** plaintiff, H+H and Axion (the "Parties") now desire to resolve the claims and issues raised in this litigation by plaintiff, without further proceedings and without admitting any fault or liability;

- 2 -

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. Plaintiff hereby dismisses all of his claims in the above-referenced action, with prejudice, and without costs, expenses or fees.

2. Plaintiff agrees to dismissal, with prejudice, all of the claims that were or could have been raised in the above captioned action and to release and discharge the H+H and Axion, their successors and assigns, and all present or former officials, employees, representatives or agents of municipal defendants (collectively the "Released Parties") from any and all claims, liabilities or causes of action arising out of the allegations in the Complaint, including all claims arising under the Fair Labor Standards Act and the New York State Labor Law, and any and all common law claims, including claims for attorney's fees, costs and distributions, occurring from the beginning of the world up through and including the date of plaintiff's execution of a release, whether known or unknown, joint or several, whether or not discoverable, including, without limitation, any and all claims which were or could have been alleged by plaintiff in this action arising out of the events alleged in the complaint herein, including all claims for attorneys' fees, expenses and costs.

3. In consideration for paragraphs 1 and 2, Defendants agree to pay a total amount of fifty eight thousand dollars and no cents ($58,000.00) in the manner described in paragraphs 4 through 9.

4. In consideration for paragraphs 1 and 2, H+H and the City of New York will cause to be paid to plaintiff one lump sum of twenty three thousand nine hundred forty seven dollars and fifty cents ($23,947.50) in back pay, less all applicable deductions and withholdings.

5. In further consideration for paragraphs 1 and 2, the City of New York hereby agrees to pay plaintiff twenty three thousand nine hundred forty seven dollars and fifty cents ($23,947.50) in liquidated damages, inclusive of any claims for costs, disbursements and attorneys' fees.

6. In further consideration for paragraphs 1 and 2, Axion hereby agrees to pay plaintiff's attorneys Pelton Graham LLC ten thousand one hundred five dollars and no cents ($10,105.00) for costs, disbursements and attorney's fees ("attorney's fees").

7. The payment by H+H for the back pay described in paragraph "4" above shall be made as follows: by H+H delivering a check in the amount of $23,947.50 to Axion and Axion then issuing a payroll and/or company check to plaintiff in the gross amount of $23,947.50, less all applicable tax withholdings and payroll deductions.

8. The payment by the City of New York described in paragraph "5" above shall be made as follows: by delivering to plaintiff's counsel Pelton Graham LLC a check in the amount of nine thousand seven hundred forty nine dollars and thirty one cents ($9,749.31) made payable to "Pelton Graham LLC," and a check in the amount of fourteen thousand one hundred ninety eight dollars and nineteen cents ($14,198.19) made payable to "Emeka Oraegbu."

9. The payment by Axion described in paragraph "6" above shall be made as follows: by delivering one check to plaintiff's attorneys made payable to "Pelton Graham LLC" in the amount of ten thousand one hundred five dollars and no cents ($10,105.00).

10. Plaintiff shall execute and deliver to attorneys for H+H and Axion all documents necessary to effect this settlement, including without limitation, a Release in the form attached hereto as "Exhibit A" executed by plaintiff, a Declaration Concerning Liens in the form attached hereto as "Exhibit B" executed by plaintiff, two City of New York Substitute W-9

forms attached hereto as "Exhibit C," one executed by plaintiff and the second executed by Pelton Graham LLC.

11. Plaintiff represents and warrants that upon receipt of the payments described above, he has received all compensation and other benefits and payments due to him for services performed for the defendants.

12. Nothing contained herein shall be deemed to be an admission by the Released Parties or any of the present or former officials, employees, representatives and agents of the Released Parties of the truth of any of the allegations made by plaintiff, or an admissions that the Released Parties or any of the present or former officials, employees, representatives and agents of the Released Parties have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules and/or regulations of the United States, the State of New York, the City of New York, or any other rules, regulations or bylaws of the Released Parties. This Settlement Agreement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except that this Settlement Agreement may be used by either party in connection with any subsequent action or proceeding relating to enforcement of this Settlement Agreement.

13. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, H+H and/or Axion.

14. The Parties acknowledge that this Settlement Agreement was reached after extensive arm's length negotiations between competent, experienced counsel, and that this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Settlement Agreement.

- 5 -

15. The City of New York, H+H and/or Axion further agree that this Settlement Agreement resolves any and all claims, liabilities and/or causes of action which may have been asserted by the City of New York and/or H+H against Axion or Axion against the City of New York and/or H+H based on any and all claims which were or could have been asserted by plaintiff, including any and all claims for indemnification and/or reimbursement for distribution of the settlement amounts identified in paragraphs "3," "4," "5," and "6" above.

16. This Settlement Agreement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this settlement agreement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

17. This Settlement Agreement and any other documents executed by the parties hereto in furtherance of the purposes of this Settlement Agreement and Release, shall be governed by, interpreted and enforced in accordance with the laws of the State of New York.

Dated: New York, New York
March 12, 2019

PELTON GRAHAM LLC
*Attorneys for Plaintiff*
111 Broadway, Suite 1503
New York, New York 10006
Tel: (212) 385-9700

By: _____
Brent E. Pelton

Agreed to by Plaintiff, Emeka Oraegbu

_____

Dated: New York, New York
March 14, 2019

TANNENBAUM HELPERN SYRACUSE &
HIRSCHRITT LLP
*Attorneys for Axion LLC and Axion Healthcare Solutions LLC*
900 Third Avenue
New York, New York 10022
Tel: (212) 508-6723

By: _____
Andrew W. Singer

Dated: New York, New York
March 13, 2019

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for New York City Health and Hospitals Corporation and Kings County Hospital*
100 Church Street, Room 2-196
New York, New York 10007
Tel: (212) 356-2457

By: _____
Kimberly K. Brown
Assistant Corporation Counsel

Agreed to by Axion LLC

_____
BY: JAMES KOEPPEL, PRESIDENT

Agreed to by Axion Healthcare Solutions LLC

_____
BY: JAMES KOEPPEL, PRESIDENT